## CROUCH v. TAYLOR.

VERDICT: EVIDENCE: FAILURE OF CONSIDERATION: PRACTICE IN SUPREME COURT.

*Appeal from Mills District Court.*

WEDNESDAY, DECEMBER 15.

THIS action is brought upon two promissory notes made by the defendant to the plaintiff, one dated April 18, 1872, for $860, with interest and reasonable attorney's fee. if collected by suit, payable nine months from date; and the other dated November 13, 1872, for $225, with interest and attorney's fee, etc.

The defendant answered, alleging in substance that the first note for $860, dated April 18, 1872, has been fully satisfied and paid, in that the same was included in a judgment confessed by the defendant and his wife in the District Court of Fremont county, Iowa, on the 13th day of November, 1872, in favor of G. B. Taylor and others, for the sum of $7,200; and that the consideration for the note dated November 13, 1872, for $225, has wholly failed.

By way of counter-claim the defendant seeks to recover damages from the plaintiff for alleged false and fraudulent representations growing out of, or resulting by reason of the failure of the plaintiff to place upon record a deed to defendant from the plaintiffs for eight hundred acres of land in Fremont county, Iowa, whereby the defendant was prevented from making sales of said land or obtaining a loan of money thereon to enable him to pay off the said judgment confessed, to W. B. Taylor and others.

Upon a trial to a jury a verdict was rendered for defendant generally, upon which the court gave judgment for defendant for costs. Plaintiff appeals.

*E. H. Sears* and *Cornish & Draper*, for appellant.

*D. H. Solomon*, for appellee.

MILLER, CH. J.—The error assigned by counsel for appellant is the overruling of his motion for a new trial, and the principal reason urged is that the verdict is not sustained by the evidence. After a careful reading of the evidence we are very well satisfied that this verdict cannot be allowed to stand. It is so entirely unsupported by the evidence that it would be grossly unjust to allow it to be enforced. In respect to the first note for $860, which

the answer alleges to have been satisfied by being included in the judgment confessed in favor of Geo. B. Taylor and others, and to which the plaintiff was not a party but acted as agent for the plaintiffs thereon, the defendant himself when testifying in his own behalf does not swear that it was so satisfied. There is really no evidence showing that it was, and there is the positive testimony of several witnesses in addition to the plaintiff that it was not included in the judgment confessed.

So, also, in regard to the alleged failure of consideration of the other note, even the testimony of the defendant himself fails to support the allegation and on the part of the plaintiff the evidence is overwhelming that there was no failure of consideration whatever in regard to the note.

There is no testimony that can be dignified into evidence in support of the defendant's counter-claim. The court erred in overruling the appellant's motion to set aside the verdict and for a new trial.

Appellee's counsel makes no argument in support of the correctness of the verdict or of the ruling of the court in overruling the motion to set aside the verdict and grant a new trial, but urges that the record does not show that all the evidence is before us. The abstract, after stating the evidence given on the trial, recites that " here follows the usual certificate of the court that the preceding is a complete transcript of all the evidence introduced in the trial of said cause." This we take to be true unless the appellee controverts it by a printed abstract showing a contrary state of facts, and then only do we resort to the written transcript to determine the controversy.

The judgment is

REVERSED.